## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Farley

v.

Farley

October 11, 1985

Case No. (Chancery) Ch-7481

By JUDGE AUSTIN E. OWEN

This matter was before the Court on September 20, 1985, upon Plaintiff's motion seeking to have the Court determine that the parties had theretofore entered into a valid agreement, and seeking to have that agreement enforced. The Court was advised that Judge Hanson had on a date two weeks prior agreed that the Court would on September 20, 1985, take evidence in support of that motion rather than reserving the matter for report by the Commissioner in Chancery. Mr. Farley asked to continue the matter to have further time to obtain counsel, but upon the objection of Plaintiff and Mr. Farley's admission that he had agreed before Judge Hanson that the two week continuance would be sufficient, the motion to continue was denied.

Evidence was presented *ore tenus* at the conclusion of which the Court allowed the parties until October 7, 1985, to submit authorities on the issues of (a) whether this Court in this divorce proceeding may properly undertake to determine the validity of an alleged *oral* agreement between the parties, and (b) if the Court may properly undertake such a determination, what would be the effect of a finding of validity.

By letter memorandum of September 30, 1985, Mr. Wright submitted authorities on behalf of Plaintiff. Defendant has not submitted any authorities.

Mr. Wright refers to Virginia Code Section 20-109.1 and emphasizes that it refers to *any valid agreement.*

He argues that the section does not require the agreement to be in writing except where jurisdiction is obtained over a non-resident defendant by publication or by acceptance of service. He further argues that Code Section 20-109 is not applicable at this point in the case.

Code Section 20-109 traces its origin to Section 5111 of the Code of 1919, as amended, and is of interest principally because it clearly has reference to a *written* stipulation or contract (by virtue of its requirement that the stipulation or contract be "signed by the party to whom such relief might otherwise be awarded.") First adopted in 1970, Section 20-109.1, because of its numbering as "109.1" and its placement immediately following "109", would seem by its use of the words "any valid agreement" to be referring to the same written "stipulation or contract" referred to in "109." That the valid agreement, in any event, is to be in writing is confirmed by the authority to "incorporate by reference" such agreement. *Incorporation by Reference* is defined in *Black's Law Dictionary, Fifth Edition*, as "The method of making one *document* of any kind become a part of another separate *document* by referring."

It follows then, that this Court, in a divorce proceeding, is authorized to act with respect to *written* agreements only. It is not bound to decree consistently with an *oral* agreement, nor is it authorized to affirm, ratify and incorporate by reference an oral agreement.

This is not to say, however, that the Commissioner in Chancery in the hearing before him may not properly consider testimony of understandings and agreements orally made by the parties, as an aid in determining the various inquiries assigned to him. If the evidence were to justify, he might, also, find that one or both of the parties is estopped to seek relief differing from that agreed upon.

This matter, having heretofore been referred to J. Peter Holland, III, Commissioner in Chancery, for inquiry and report, should be scheduled for hearing before said Commissioner in the near future.